FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. _____

2013 MAR 18 PM 3: 43

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

| | |
|---|---|
| JAMES DOOLEY,<br><br>Plaintiff<br>v.<br><br>NATIONSTAR MORTGAGE, LLC.<br><br>Defendants. | 3:13-cv-292-J-99TJC-MCR<br><br>**COMPLAINT**<br><br>**AND JURY TRIAL DEMANDED**<br><br>**INJUNCTIVE RELIEF SOUGH** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and the Florida Consumer Collection Practices Act, §§ 559.55-559.785.

3. Venue is proper in the Middle District of Florida because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff James Dooley is a natural person who resides in the County of Duval, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the Fair Debt Collection Practices Act (hereinafter "FDCPA") by virtue of being directly affected by a violation of the Act, to wit Plaintiff

received collection letters and statements from Nationstar Mortgage LLC. (hereinafter "Nationstar") after the Plaintiff had already discharged his *in personam* obligation for the debt.

5. Nationstar conducts business in the State of Florida, Duval County, and is a debt collector under 15 U.S.C. § 1692a(6).

6. Nationstar is a "debt collector" because it attempted to collect a debt and began servicing a defaulted debt knowing that it was in default and that it had been discharged in bankruptcy.

## FACTUAL ALLEGATIONS

7. This action involves a "debt," as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the property that is the subject of the transaction was primarily for personal, family, and/or household purposes. § 1692a(5).

8. On August 30, 2011, Plaintiff filed for bankruptcy relief in the Middle District of Florida (Case no. 3:11-bk-06442) and Bank of America, N.A., the first lien holder on Debtor's primary residence, received proper notice.

9. Plaintiff indicated his intention to surrender the property located at 8551 Crooked Tree Drive, Jacksonville, FL 32256 (hereinafter referred to as the "property") on his bankruptcy petition and schedules.

10. On January 12, 2012, the Bankruptcy Court entered an order of discharge in Plaintiff's case.

11.     On or about July 27, 2012, Nationstar sent Plaintiff, via USPS mail, a letter informing Plaintiff that they had taken over the servicing rights for his account from Bank of America, effective July 15, 2012.

12.     Since then, Nationstar has sent multiple statements seeking payment with payment coupons attached in trying to collect the debt.

## CAUSES OF ACTION

### COUNT I:  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 *et seq.*

13.     Plaintiff incorporates by reference Paragraphs 1-13 of the Complaint as though fully stated herein.

14.     As detailed in the preceding paragraphs, Nationstar tried to collect on a debt that had been previously discharged in bankruptcy.

15.     As such, Nationstar intentionally/negligently violated the FDCPA in trying to collect the debt.  § 1692c(a)(2).

16.     As a result of Nationstar's actions, Plaintiff suffers from mental and physical distress as it was his understanding that his property was handled through his personal bankruptcy and he was no longer obligated to pay the debt.

17.     **Trial by Jury**: Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

### COUNT II:  VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT—§§ 559.55-.785, FLA. STAT ("FCCPA")

18.     Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully stated herein.

-3-

19. At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiff was a "consumer," as Plaintiff was a natural person allegedly obligated to pay a debt as per Nationstar's collection/demand letter.

20. At all times material, pursuant to section 559.55(6), Florida Statutes, Nationstar was a "debt collector," as Nationstar used an instrumentality of commerce for the purpose of collecting a debt, by mailing the mortgage statement, and as otherwise provided under the same statute.

21. Section 559.77(5), Florida Statutes, provides that interpretations of the federal courts relating to the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") shall be given great weight when applying the provision of the FCCPA.

22. The mortgage and note on which Nationstar attempted to collect money on was a "consumer debt" within the meaning of section 559.55(1), as the statement addressed an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

23. Section 559.72(18), Florida Statutes, prohibits a debt collector from contacting a debtor when the debt collector knows the debtor is being represented by an attorney regarding the debt,.

24. Nationstar intentionally and/or negligently attempted to collect a debt by after the debt was in default and after it had been discharged in bankruptcy.

25. As a result of Nationstar's actions, Plaintiff suffers from mental and physical distress, because Plaintiff believed this debt and property be handled through his personal bankruptcy and Plaintiff has incurred attorney's fees and costs in pursuing this action.

**Trial by Jury**: Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

a) judgment be entered against Defendants for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiff is entitled; and

b) judgment be entered against Defendants for an award of statutory damages of $1,000.00 pursuant to Florida Statutes § 559.77(2); for an award of actual damages, and for an award of litigation costs and reasonable attorney's fees; injunctive and declaratory relief regarding further collection attempts; and any and all other relief to which Plaintiff is entitled.

c) judgment be entered against Defendant for an award of actual damages for Plaintiff, and any and all other relief to which Plaintiff is entitled.

                Respectfully submitted,

                **PARKER & DUFRESNE, P.A.**

                _____/s/ Gregory S. Gilbert

Gregory S. Gilbert, Esq.
Florida Bar No. 085916
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone: (904) 733-7766
Facsimile: (904) 733-2919
ggilbert@jaxlawcenter.com

**Trial Counsel for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA           )
                           )
COUNTY OF DUVAL            )

Plaintiff James Dooley, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
James Dooley

Subscribed and sworn to before me
this ___ day of February, 2013.

_____ Lisa Melzer
Notary Public

-7-